■ POWERHOUSE SHEET METAL COMPANY, INC., et al., Appellants, v HANOVER INSURANCE COMPANY, Respondent. [733 NYS2d 72] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered August 15, 2000, which denied the motion of plaintiff insured Powerhouse for summary judgment declaring that defendant insurer Hanover is obligated to defend and indemnify Powerhouse in an underlying third-party action, unanimously affirmed, with costs.

Powerhouse was a sub-subcontractor at a job site at which one of its employees was injured on September 7, 1994. The employee sued the subcontractor that contracted with Powerhouse, ARA Plumbing and Heating, and ARA instituted a third-party action against Powerhouse seeking contractual indemnification. Although Powerhouse had commenced work on the project prior to September 7, 1994, it did not actually sign a written contract with ARA until September 30, 1994. In that contract, Powerhouse agreed to indemnify ARA for liabilities arising out of accidents at the job site due to Powerhouse's acts or omissions. Hanover disclaimed on the ground that the subcontract was not signed until after the accident; Powerhouse responded that the policy does not require that a written contract be in existence at the time of the underlying accident, and that it had a long course of dealing with ARA pursuant to which it would commence work before signing a subcontract. The motion court denied Powerhouse's motion for summary judgment on the ground that an issue of fact exists as to whether a contract requiring Powerhouse to indemnify ARA existed prior to the accident by reason of a course of dealing between them. That finding was correct. Regardless of the

allegations in the third-party complaint, and regardless of the coverage actually afforded by the policy, Hanover would have no duty to either defend or indemnify Powerhouse unless a contract requiring Powerhouse to indemnify ARA, oral if not written, was in existence at the time of the accident. The existence of such a contract is not established as against Hanover simply because ARA alleges it in its third-party complaint and Powerhouse does not deny it.

We also reject Hanover's request to search the record and declare in its favor that it is not obligated to defend and indemnify Powerhouse. The policy covers "insured contracts," which is to say either "a contract or agreement" to indemnify, but only if "executed" before the occurrence of the underlying bodily injury or property damage. Since the terms "executed," "contract" and "agreement" are not defined in the policy, and the definition of "insured contract" does not require that such be in writing, the policy language does not establish, as a matter of law, that a contract to indemnify is not covered unless in writing. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.